McILVAINE v. STEINSON et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. APPEAL FROM JUDGMENT—REVIEW OF ORDER.
   Code Civ. Proc. § 1316, enacts that an appeal from a judgment brings up for review any order specified in the notice of appeal; and section 1301 provides that, to review an order it must be specified in the notice of appeal. *Held*, that on appeal from a judgment an order denying appellant's motion for a jury trial could not be reviewed where no notice had been given that appellant intended to bring the order up.

2. ATTORNEY AND CLIENT—ACTION FOR SERVICES—LETTERS—PAROL EVIDENCE.
   Where, in an action by an attorney against a former client for services, it appeared that the client had given two retainers relative to the action, one allowing the attorney a greater percentage of the recovery than the other, and that, after the giving of the retainers, the attorney had retired from the litigation and then been re-engaged by letter by the client "on the original terms," it was proper to admit parol evidence to identify the retainer to which the letter related.

3. SAME—ATTORNEY AND CLIENT—RIGHT TO COSTS.
   As between attorney and client, costs, whether taxable of course or an extra allowance, belong to the client, and the attorney has a mere lien thereon.

4. SAME—CONTRACT FOR SERVICES—PERCENTAGE ON AMOUNT COLLECTED.
   Where, by contract between an attorney and client, the attorney is to receive a certain per cent. of whatever amount may be "collected," the attorney is entitled to such per cent. on the entire judgment, including the costs.

5. SAME—AMOUNT OF RECOVERY—SUMS INCLUDED.
   The contract between an attorney and client gave the former a certain per cent. on the amount collected in an action for salary as a school-teacher, and, after judgment in favor of plaintiff, the attorney, without authority, commenced another action to recover salary, which had accrued subsequent to the commencement of the former action. The action was discontinued, and the salary that had accrued since the commencement of the former action, voluntarily paid. *Held*, that in an action by the attorney against the client to recover for services it was error to allow the attorney a percentage on the salary voluntarily paid.

6. APPEAL—PARTIES—REVIEW—JUDGMENT ROLL.
   Where on appeal by one of defendants the proposed "case" and exceptions were not served on another defendant, in whose favor a judgment

¶ 3. See Attorney and Client, vol. 5, Cent. Dig. § 295.

had been rendered in the action, the appeal as to him brought up only the judgment roll, and hence, it appearing from the decision that the judgment in favor of such defendant was proper, it was unassailable.

**7. SAME—INTEREST ON JUDGMENT.**

In an action by an attorney against his former client and a city to recover part of a judgment in favor of the client against the city on an equitable assignment of a portion of the recovery given in consideration of plaintiff's professional services, a contention by counsel for the city that interest should not be allowed against it was of no merit on appeal, the city not having appealed from the judgment.

Appeal from Special Term, New York County.

Action by Tompkins McIlvaine, as surviving partner of the partnership of Townsend & McIlvaine, against George Steinson and others. From a judgment in favor of plaintiff, defendant Steinson appeals. Modified and affirmed.

See 83 N. Y. Supp. 285.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George Steinson, in pro. per.

Einair Chrystie, for respondent plaintiff.

Albert A. Auberg, for respondent Hart.

Terence Farley, for respondents Board of Education, city of New York, and Edward M. Grout, comptroller.

LAUGHLIN, J. On the 1st day of April, 1901, the appellant recovered a judgment against the Board of Education of the City of New York for arrears of salary as first assistant teacher in the public schools, from which position he had been wrongfully removed. Messrs. Townsend & McIlvaine were the attorneys for Steinson in that action, and the plaintiff brings this action as sole surviving partner to recover part of the judgment on an equitable assignment of a portion of the recovery given in consideration of the professional services rendered and to be rendered by his firm. The trial court has awarded judgment for plaintiff for the entire amount claimed. The answer of the appellant put in issue the material allegations of the complaint, and set up a counterclaim for damages sustained through the unskillfulness and negligence of his attorneys.

The first assignment of error by the appellant is a denial of a jury trial of the issues of fact. He moved for a settlement of issues of fact to be tried by a jury. The motion was denied, and he appealed to this court from the order denying it, but the appeal was dismissed for neglect to prosecute the same. He obtained no stay of proceedings pending the appeal, and in the meantime the case was moved for trial. At the opening of the trial he asked for an adjournment pending his appeal from the order. This motion was denied, and he excepted. In the notice of appeal from the judgment he did not give notice that he intended to bring up for review the order denying his motion for a jury trial, and therefore we cannot review the order. Code Civ. Proc. §§ 1316, 1301; Herb v. Metropolitan Hospital, 80 App. Div. 145, 80 N. Y. Supp. 552.

The trial court found that the attorneys for the appellant were acting under a retainer which entitled them to 30 per cent. of the amount

collected. The appellant contends that this finding is not supported by the evidence, and is against the weight of the evidence. It appears that in the year 1896 the appellant, through other attorneys, instituted a mandamus proceeding to procure his reinstatement and to require the payment of his salary, and also commenced an action against the Board of Education to recover the arrears of salary. His motion for a mandamus had been denied, and he had taken an appeal from the order denying it. On the 15th day of December, 1897, while this appeal was pending, and no steps had been taken in the action subsequent to the service of the summons, he gave Messrs. Townsend & McIlvaine a retainer in writing as his attorneys "to take all necessary steps to procure" his reinstatement and the payment of the arrears of salary; and he agreed to pay them 15 per cent. of any and all amounts recovered, and also to pay "from time to time all necessary disbursements as they arise." Prior to the decision of the Court of Appeals in the mandamus proceeding it occurred to his attorneys that they might be able to procure his reinstatement without being able to collect the arrears of salary; and on the 4th day of March, 1898, he promised in writing, in that event, to pay them reasonable compensation for the services rendered. The undisputed evidence shows that the appellant did not pay all necessary disbursements from time to time as they arose, and that the attorneys were obliged to and did advance their own funds therefor, for which they had not been reimbursed. The Court of Appeals affirmed the decision of the lower court denying the application for reinstatement. In the meantime the complaint in the action for salary had been served, and issue was joined therein on the 25th day of January, 1899, and the case was placed upon the calendar and set to be called for trial on the 24th day of May, 1899. On the 29th day of March, 1899, the appellant gave his attorneys another retainer in writing, as follows:

"I, George Steinson, hereby retained Townsend & McIlvaine to collect damages for my dismissal from position as First Assistant Teacher in the Public Schools of the City of New York and for my loss of salary as such teacher; and I hereby agree to pay said Townsend & McIlvaine for their professional services thirty (30) per centum of whatever amount they may collect for me and in addition to the disbursements already incurred or to be incurred by them for me.    George Steinson.
"Dated March 29, 1899."

The plaintiff claims that the compensation of the attorneys is to be determined by this retainer, and the appellant contends that it depends on the first retainer. Parol evidence was given by both parties without objection concerning the object and application of the last retainer. The appellant testified, in substance, that it was intended to apply to actions that might be thereafter brought against the individual members of the Board of Education for his wrongful discharge; but this is controverted by the testimony of McIlvaine, whose testimony is to the effect that this retainer was the result of negotiations between the parties with reference to the pending action for salary. Correspondence between the parties leading up to the giving of this retainer was also introduced in evidence, which, as we construe it, related to the compensation to be received by the attorneys for the trial of the action to recover salary and for the subsequent proceedings therein.

On the 23d day of May, 1899, the attorneys, at the request of the appellant, according to the testimony of McIlvaine, which is not controverted, accepted this retainer. The case was tried before the court without a jury, and decision reserved. Pending the decision the appellant attempted to dismiss his attorneys. After the decision, which was adverse to the appellant, his attorneys notified him in writing that, as he did not wish them to continue to act as his attorneys, they would take no farther steps in the case unless he notified them in writing that he wished them to continue to act under their retainer and assured them that he would leave the full control of the case in their hands. The appellant replied to this letter, acquiescing in their determination not to act further, and notifying them that he had procured other counsel. Subsequently the appellant, after further negotiations with his attorneys, formally withdrew his revocation of their retainer, and authorized them to take up his case again upon "the original terms" of his retainer, and agreed to give them the full control that is usually given to attorneys, and promised not to interfere between them and the court or the corporation counsel. They then resumed charge of the case. They appealed to the Appellate Division, where the judgment was reversed, and a new trial was granted; and from this judgment the city appealed, giving a stipulation for judgment absolute. The Court of Appeals affirmed the reversal. The Special Term awarded judgment on the remittitur for the amount of the arrears of salary and costs. The city then appealed on the ground that there should have been an assessment of damages, but the Appellate Division affirmed, and this ended the litigation.

The appellant also contends that the revocation of the discharge of his attorneys and authority to them to resume charge of the case "upon the original terms" of his retainer had reference to the first retainer, fixing the compensation at 15 per cent. In view of the fact that there had been two retainers relating to this action, the appellants' letter authorizing his attorneys to resume charge of the case was ambiguous, and parol evidence was properly received to identify the retainer to which it related. McIlvaine testified, in effect, that at the interview between him and the appellant preceding the writing of this letter, and at which they came to an understanding that the letter was to be written, he suggested that the fee for the services of the attorneys should be increased from 30 per cent., but the appellant objected to an increase, and expressed a willingness to let it remain at 30 per cent., and he acquiesced. As already stated, we are of opinion that at the time of the attempted discharge of the attorneys they were, by mutual consent of the parties, acting under the retainer of March 29, 1899. We deem it unnecessary to decide whether this retainer differed from the first in any respect other than as to the compensation of the attorneys, and, if not, whether the attorneys were at liberty to exact or justified in exacting increased compensation, so that there was a valid consideration for the new retainer, because, in any event, the attorneys and client having agreed to sever their relations, the former were at liberty to require, as a condition of their resuming charge of the case, an agreement that they were to act under the 30 per cent. retainer, as was done.

The trial court has allowed the plaintiff the entire amount of the costs taxed in the action to recover salary, including an extra allowance of $500 therein and 30 per cent. of the balance of the recovery. The appellant contends that the plaintiff was only entitled to the stipulated percentage of the recovery on account of salary exclusive of costs. As between an attorney and his client, as well as between the client and third parties, a judgment for costs, whether the costs consist of those items taxable as of course, or of an extra allowance as well, belong to the client; and the attorney merely has a lien thereon for the agreed or reasonable compensation for his services. Starin v. The Mayor, etc., 106 N. Y. 82, 12 N. E. 643; Gallup v. Perue, 10 Hun, 525; Wheaton v: Newcombe, 48 N. Y. Super. Ct. 215; Matter of Jackson v. Stone, 48 App. Div. 628, 64 N. Y. Supp. 820; Barry v. Third Ave. R. R. Co. (App. Div. First Dept. Nov., 1903) 84 N. Y. Supp. 830. Of course, it is competent for the client to stipulate that the attorney shall have the costs in addition to other compensation; but neither in the retainer of March 29, 1899, nor in the acceptance thereof, do we find any agreement to that effect. The contract as to compensation is that the client is to pay the attorneys "thirty (30) per centum of whatever amount they may so collect for me." According to the testimony of appellant, which is not disputed, this retainer was dictated by McIlvaine. In view of this fact, and of the relation of attorney and client, it should be construed strictly against the attorneys. There is therefore much ground for contending that the percentage should be limited to that part of the recovery which relates to the salary or damages. It, however, specifies a percentage of the amount collected by the attorneys for the client, and, although the costs belong to the client, still the extra allowance is obtained through an application made to the court by the attorneys in his behalf, and the whole is collected for him by the attorneys. While I deem it clear, therefore, that the costs were erroneously awarded in gross to the attorneys, yet I am of opinion that the fair construction of the retainer is that the attorneys were entitled to 30 per cent. of the entire recovery. After the decision of the Court of Appeals in the action for salary, another action was commenced by the attorneys, without further authority from the client, for the recovery of salary amounting to $5,000, which accrued subsequent to the date of the commencement of the first action. The appellant, on learning that this action was brought, objected, contending that he had not authorized it. Subsequently the attorneys at his instigation discontinued it without costs. Thereafter the Board of Education without suit paid the appellant the sum of $5,133.40 on account of salary accruing subsequent to the commencement of the first action. The trial court has also allowed a recovery of 30 per cent. of this amount. We think this was error. Although the Board of Education in voluntarily making the payment was doubtless influenced by the decision of the Court of Appeals, and probably there would have been no defense for its recovery, yet it cannot be said that it was recovered by the attorneys under their retainer. They acquiesced in their client's claim that they were not authorized to sue for the recovery of this salary, and discontinued the action which they had brought for that purpose. They

were therefore not entitled to any percentage of any amount of the salary thus voluntarily paid without suit.

The respondent Hart was made a party defendant on account of his having filed a notice claiming an equitable assignment of $500 of the judgment for services as counsel on the appeal to the Appellate Division from the judgment dismissing the complaint in the action for salary. The proposed case and exceptions have not been served upon him. The appeal, therefore, as to him, only brings up the judgment roll. In the decision the learned trial justice finds that Hart was retained by appellant as counsel at an agreed compensation of $500, payable out of the recovery, and that he fully performed the services, and has a lien upon the judgment to the extent of $500 and interest from the 1st day of April, 1901, and has an equitable assignment of the judgment to that extent. The judgment follows the decision in this regard. There is therefore no merit in the appeal from Hart's recovery.

The court dismissed the appellant's counterclaim upon the merits, and he contends that this was error. The dismissal was upon the theory that the appellant failed to establish his counterclaim, and the decision in this regard is fairly sustained by the evidence.

The learned counsel for the city contends that recovery of interest should not be allowed as against the city. The decision authorizes and the judgment provides for the recovery of interest, and the city has not appealed. Consequently, that question is not before us. The defendant Steinson demanded no relief against the city, the Board of Education, or the comptroller in his answer, and therefore he could not have obtained any greater relief against them on appeal than he was awarded in the trial court. It was therefore unnecessary for them to appear on the appeal.

It follows, therefore, that the judgment should be modified by limiting the plaintiff's recovery to 30 per cent. of the face of the judgment in the action for the recovery of appellant's salary and interest thereon, and, as so modified, affirmed, with costs to respondent Hart, but without costs to the appellant or other respondents. All concur.