Van Dale, Respondent, vs. Karon and another, Appellants.

*April 14—June 21, 1939.*

For the appellants there were briefs by *Corrigan & Backus* and *Thomas E. Torphy,* all of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

*Joseph Lieberman* of Milwaukee, for the respondent.

The following opinion was filed May 9, 1939:

FAIRCHILD, J.   The contract under which the defendants were employed by the plaintiff retained the defendants "to represent us in our claims against the Prudential Insurance Company of America arising out of their effecting an alleged

settlement with Mr. Van Dale during the month of January, 1934, relating to his permanent-disability insurance policies." It was agreed that the defendants were to be paid "one third of any sum or sums obtained in settlement or suit on the above claims." It was expressly agreed that "unless some collection is made" no fees were to be paid.

The facts show that at the time plaintiff enlisted the services of the defendants he had parted with his claim to benefits under the insurance policies, and that until the settlement he had made with the insurance company was set aside it was impossible to have the advantages he was desirous of securing. The contingent-fee contract was fairly entered into. The trial court did not find fraud and there is no evidence on which such a finding could be based. The amount of compensation flowing to the defendants under the contract does not result in an unreasonable or unconscionable exaction. The language employed, the circumstances in which plaintiff was when he began negotiations with defendant, the transactions between the plaintiff and defendants following the making of the contract disclose an intention to engage defendants under a contingent-fee contract according them as their fee one third of what their services produced for Van Dale. The reasonableness of the arrangement appears from the fact that a one-third contingent-fee contract is an accepted method of fixing compensation in such circumstances as are present in this case.

Plaintiff had settled with his insurer, had been paid a substantial sum, and had signed a release of his claim against the insurance company. He sought the services of defendants in his effort to re-establish his right to the two policies and two group certificates covered in the release he had signed; to secure recognition of the fact of his total disability entitling him under the provisions of the insurance contracts to $50 per month for life and $11.01 per month on a $2,000 policy until it was paid out; and to benefits under

two other policies which expired in sixty months; and to be relieved of premiums. The result of the actions begun and successfully carried on is that the defendants obtained for plaintiff a judgment vacating the release, restoring the policies and establishing the plaintiff's right to disability compensation.

The finding of fact and the conclusion that defendants induced plaintiff to sign the modification and that defendants were mistaken in their belief that they were entitled to "fees upon future disability payments . . . were made in error as to the true and correct construction and meaning of said contract of October 24, 1935," is not supported by evidence. The plaintiff says "my wife and I were satisfied to pay one third of whatever I would get," and with respect to the modification agreement his testimony does not differ materially from that of the defendants as to how and why it came into existence. The defendants say it was done to relieve the plaintiff of any obligation to pay to them one third of the $11.01 monthly benefit. It is true that had a different method been employed it might have made it plainer that the defendants were releasing their claim on the $11.01 benefit. Although the modification does not appear to be a waiver, it is evident from the testimony of all concerned that the real purpose was to evidence the willingness of the defendants to accept only one third of the $50 payments, instead of one third of both as the original contract provided. The negative way in which defendants expressed their willingness to do the thing agreed upon does not destroy the effect, since it is certain that no waiver of the one third of each $50 was intended, and that the parties had agreed upon a waiver of the rest. The plaintiff paid one third of each $50 benefit for several months and then decided he would like to be relieved of that obligation too. He admits that he wanted the one third waived on both the $50 and the $11.01 payments. "As to what Mr. Karon said, he said no, they won the case, otherwise I would not receive that $50, or that $11.01 check

a month. He did agree to waive the one third on the $11.01 checks on December 17, 1937. I wanted him to waive the one third on the $50 checks also, but he refused to do so."

The original contract entitled the defendants to one third of the avails of the litigation in contesting the settlement which the plaintiff had made with the insurance company. The benefits in question flow from the judgment in favor of the plaintiff which was secured by the defendants. There are cases cited in both briefs in which contingent-fee contracts have been so construed. *Metropolitan Life Ins. Co. v. Poliakoff* (1938), 123 N. J. Eq. 524, 198 Atl. 852; *Johnson v. Cofer* (Tex. Civ. App. 1938), 113 S. W. (2d) 963. It appears that plaintiff began this action moved by an afterthought resulting from a desire to avoid an obligation he was ready enough to assume when he wanted the defendants to represent him in his efforts to set aside the settlement he had made with the insurance company. It is considered that the facts established by the evidence require a judgment in defendants' favor.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with directions to award defendants judgment dismissing plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on June 21, 1939.