RICHARD A. BLAZEK v. NORTH AMERICAN LIFE & CASUALTY COMPANY.
CONRAD J. CARR, APPELLANT.

121 N. W. (2d) 339.

April 19, 1963—No. 38,709.

*Conrad J. Carr,* pro se, for appellant.
*Jerome V. Blatz* and *Stuart E. Gale,* for respondent Blazek.
*Johnson & Sands* and *Maurice C. Lizee,* for respondent North American Life & Casualty Company.

Otis, Justice.

Proceedings by appellant-intervenor to impress an attorney's lien on funds payable by defendant-insurer to plaintiff Blazek.

On October 6, 1952, defendant issued plaintiff an accident and health policy which entitled the insured to receive $200 a month during such time as he might be disabled from gainful employment. Plaintiff thereafter asserted a claim for injuries which he alleged incapacitated him on January 14, 1953. Defendant resisted the claim, and the matter was litigated by intervenor in Hennepin County District Court, resulting in a verdict and judgment for plaintiff in the sum of $7,017.95. Defendant appealed to the supreme court and on December 6, 1957, the judgment was affirmed.[1] Intervenor was paid as a part of his attorney's fees one-third of the amount of the judgment, and for some time thereafter one-third of the $200 plaintiff received each month from defendant on periodic proof of continuing disability. On intervenor's motion, the district court in November 1960 ordered defendant to make the disability checks payable to both plaintiff and intervenor to secure the lien for attorney's fees which intervenor had earned in the litigation. Plaintiff and defendant made motions to vacate, which were granted on January 31, 1962. From that order intervenor appeals. The only issue is whether intervenor continues to have an attorney's lien on monthly payments due plaintiff during his disability.

Plaintiff and defendant have made independent appearances. The essence of their position is (1) that the original adjudication resulted in only a money judgment, and it having been fully satisfied there is now no longer any proceeding on which to impress a lien; (2) that the original agreement for fees did not contemplate payment out of monthly disability compensation; (3) that continuing monthly payments are contingent on factors not adjudicated; (4) that plaintiff is entitled to a jury trial on the issue of intervenor's lien; (5) that there is no showing of an equitable assignment of any part of plaintiff's interest in the contract; (6) that plaintiff has discharged intervenor and has thereby terminated his obligation to pay further attorney's fees; (7) that intervenor is entitled to no further compensation without rendering additional services; and (8) that the agreement for attorney's fees is ambiguous, and plaintiff is entitled to a jury trial on that issue also.

---

[1]Blazek v. North American Life & Cas. Co. 251 Minn. 130, 87 N. W. (2d) 36.

The contract entered by plaintiff and intervenor on August 11, 1954, obligated plaintiff to pay intervenor "or his heirs One-third (1/3) of all proceeds collected from the North American Life and Casualty Company during the life of the [said] Richard A. Blazek, as a result of any proceedings taken by the said Conrad J. Carr under Part A. subd. (1) of the policy above mentioned."

The statute which intervenor invokes is Minn. St. 481.13, which provides in part:

"An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

*   *   *   *   *

"(3) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, *and upon the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed,* from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section." (Italics supplied.)

The statute further provides that the lien may be established and the amount determined by the court, summarily, in the original action on the application of the lien claimant. § 481.13(6).

The trial court in its memorandum correctly pointed out that there was before it no issue concerning the construction of the agreement for attorney's fees, but noted parenthetically that it questioned the propriety of requiring the payment of further fees after the satisfaction of the judgment. We also decline to adjudicate the validity of the agreement without having the issue properly raised. Unless and until the matter is before us, our decision is confined to an application of the agreement to the presently undisputed facts.

We find untenable the contention of plaintiff and defendant that the judgment which Mr. Carr secured for Mr. Blazek decided nothing except the amount to which plaintiff was entitled at the time of verdict. While it is true that proof of continuing disability is a prerequisite to future payments, the issues laid to rest by intervenor's efforts may not

be lightly disregarded. In response to plaintiff's original complaint, defendant interposed an answer asserting the following defenses: (1) That the company received no notice within the time required by the policy; (2) that plaintiff was not disabled within 60 days of the accident; (3) that plaintiff was not under medical treatment as required by the policy; (4) that the period of disability did not continue under any circumstances beyond February 24, 1954; (5) that the policy was terminated by mutual agreement; and (6) that the plaintiff's application contained false and untrue answers concerning prior injuries.

The trial of plaintiff's action against defendant began April 9, 1956, and continued until April 17, 1956, when a verdict for the full amount of plaintiff's claim up to that date was rendered. The prayer in plaintiff's original complaint sought an adjudication that plaintiff was entitled to $200 a month as long as he remained disabled, and implicit in the verdict was a decision granting him such relief and resolving in plaintiff's favor all of the defenses raised by defendant. In November 1956, defendant appealed to this court, asserting in a 60-page brief 15 assignments of error. Intervenor continued to represent plaintiff throughout these proceedings. The record consisted of 466 pages. In a 13-page opinion we sustained the judgment for plaintiff and disposed of every defense raised, holding, among other things, that the jury was justified in finding plaintiff totally disabled within the terms of the policy.

In the light of the history of these proceedings, we have no difficulty in holding that intervenor has successfully established, over vigorous opposition, plaintiff's continuing right to compensation, subject only to periodic proof of disability.

The attorney's lien which intervenor here asserts is on "the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed." It may be established by the court summarily without a jury in the original action.[2] This is a charging lien as distinguished from a retaining lien, and intervenor is deemed to be an equitable assignee of plaintiff's judgment

[2]Minn. St. 481.13(6); Westerlund v. Peterson, 157 Minn. 379, 384, 197 N. W. 110, 111.

to the extent of intervenor's interest.[3] The governing principles have been well stated in Silverstein v. Hornick, 376 Pa. 536, 541, 103 A. (2d) 734, 737:

"* * * The right of an attorney to a charging lien upon a fund has been recognized by authorities generally for many years * * *. Based as it is upon justice and equitable principles, it is necessarily somewhat indefinite in its nature, but if the attorneys' services primarily aided in producing the fund, in fairness someone else ought not to be permitted to appropriate the fruits of their efforts, provided that by agreement with the client they are to look to the fund for compensation."

We have adopted the same rule and have treated the lien as one which affects the property recovered in the litigation.[4]

With respect to the contention that plaintiff has an absolute right to discharge his counsel at any time, with or without cause, and that intervenor is thereafter not in a position to earn a fee, plaintiff overlooks the fact that, under § 481.11, the discharge cannot affect fees already earned and that counsel's right to compensation is not based on rendering additional services. In our view of the matter, unless future litigation otherwise determines the issue, the contract between plaintiff and intervenor clearly establishes intervenor's right not only to one-third of what was recovered up to the time of the judgment, but one-third of all future payments to be made under the insurance policy. Although payment of the judgment satisfied its obligation as to what was past due, it did not, of course, relieve defendant, but rather imposed on it, the duty to pay future monthly installments. It is not our function to rewrite the contract of retainer to establish a cutoff date contemporaneous with the payment of the judgment. Not only was intervenor by trial and appeal responsible for establishing the fund represented by the judgment, but quite obviously all other monthly payments constitute the "fruits of his labor." To the extent that they were payable in the future, the judgment remains unsatisfied. If a controversy later arises over plaintiff's

---

[3] Norrell v. Chasan, 125 N. J. Eq. 230, 235, 4 A. (2d) 88, 90, 120 A. L. R. 1238, 1242.

[4] Akers v. Akers, 233 Minn. 133, 141, 46 N. W. (2d) 87, 92.

continuing disability, it is a dispute wholly independent of the one for which intervenor was retained, and he is not obligated to perform any new or additional services as a prerequisite to securing the compensation he has already earned.

We think the facts are closely akin to those decided adversely to plaintiff's position in Van Dale v. Karon, 232 Wis. 27, 285 N. W. 781. There attorneys were retained on a contingent-fee basis to set aside a settlement relating to insurance policies in order to reinstate monthly disability payments. The Wisconsin court held that the arrangement permitting attorney's fees to be paid out of monthly installments was neither unreasonable nor unconscionable; that the benefits to the insured flowed from the judgment in his favor; and since the attorneys had established plaintiff's right to future disability compensation, it concluded (232 Wis. 33, 285 N. W. 784):

"* * * It appears that plaintiff [the client] began this action moved by an after-thought resulting from a desire to avoid an obligation he was ready enough to assume when he wanted the defendants [the attorneys] to represent him in his efforts to set aside the settlement he had made with the insurance company."

If intervenor is denied the relief he here seeks, he is put in the impossible position of being required to proceed against plaintiff every month to recover the 33⅓ percent to which he is entitled. The lien law was designed to avoid precisely this situation. We therefore hold that in the present state of the record intervenor may assert a lien on whatever payments have been, and will remain, due plaintiff from defendant under the policy here in question. The matter is reversed and remanded for further proceedings consistent with this opinion.

MR. JUSTICE SHERAN, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.