H. A. STOEBE, Appellee,

v.

Leslie Dale KITLEY, Appellant.

No. 2–57463.

Supreme Court of Iowa.

Jan. 19, 1977.

Breen, Gailey, Breen & Breen, Fort Dodge, for appellant.

H. A. Stoebe, pro se.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Action at law by plaintiff for recovery of contingent attorney fees allegedly due pursuant to an oral contract with defendant. By counterclaim defendant seeks restitution of fee payments previously made and requests plaintiff be enjoined from initiating subsequent causes based upon any claimed legal service compensation arrangement between the parties hereto. Trial to the court resulted in judgment for plaintiff and dismissal of defendant's counterclaim. Defendant appeals. We affirm.

In 1965, defendant (Kitley) suffered personal injuries as the result of a fall while employed by Kenosha Auto Transport, Kenosha, Wisconsin. At that time Kitley held a disability policy issued by Continental Casualty Company (Continental). Essentially the insured was thereby entitled to receive $200 each month while unable to engage in gainful employment due to disability.

Kitley received prescribed benefits until 1969 when payments were terminated by Continental on the ground that requisite medical examination revealed the insured was no longer totally disabled. Continental then offered defendant $3000, which he declined.

December 29, 1969, plaintiff (Stoebe) was engaged by Kitley to represent him in securing recovery of policy rights. Plaintiff accepted the appointment and testified it was orally agreed he would receive a contingent fee equal to one-fourth of all proceeds in event the case be settled before it went to court; or one-third if tried in district court; or one-half if the case went to the Supreme Court. By defendant's own testimony he agreed to pay "twenty-five percent of what we recovered through a lawsuit". Kitley also testimonially stated: "I took it 25 percent wherever it went. I didn't know about when it went to court."

January 14, 1971, attorney Stoebe, by mail, unsuccessfully proposed a settlement with Continental by reinstatement of the terminated policy.

More than minimal correspondence and negotiations, with offers and counteroffers, ensued until June 16, 1970, when Stoebe commenced an action on Kitley's behalf thereby seeking judgment against Continental for $61,148 ($200 a month for the duration of Kitley's life expectancy).

One year later Continental fruitlessly increased its settlement offer to $16,000 (accrued payments through July 1971, plus five years coverage).

October 4, 1971, or one day before scheduled trial, Continental moved for an adjudication of law points thereby supportively urging the lump sum sought by Kitley was inappropriate and he could have no greater redress than recovery of past unpaid benefits with reinstatement of the policy. Trial court agreed.

Continental's attendant offer to confess judgment was accepted by plaintiff on defendant's behalf, subject to the instantly pertinent condition that future benefits be forthcoming as provided by the policy. Thereupon judgment for $4,829.17 (past due

benefits plus interest) was entered against Continental and the policy ordered reinstated per the above noted proviso.⁶

The fixed monetary award, *supra*, was paid by Continental but monthly payments were withheld pending another medical examination of the insured. After further communications had issued by plaintiff demanding compliance by Continental with the above stated judgment, policy benefits were restored.

As best determinable, these are, in substance, the issues here raised by defendant:

(1) Did the involved oral agreement contemplate payment of a percentage fee to plaintiff attorney out of post-judgment monthly policy benefits received by defendant;

(2) Were such payments the product of plaintiff's attorney-related efforts or did they stem from defendant's proof of continuing disability and Continental's attendant decision to honor the policy;

(3) Is defendant entitled to restitution of contingent fees paid by him to plaintiff out of post-judgment benefits received from Continental when said fee payments resulted from alleged misrepresentations of the law by plaintiff;

(4) Did trial court err in entering judgment for plaintiff based on a right of recovery neither then accrued nor prayed by him?

▮ I. In this case trial court's findings have the effect of a jury verdict and will stand if supported by substantial evidence. Furthermore, the evidence is viewed in a light most favorable to the judgment, but we are not bound by determinations of law below. See *Sand Seed Service, Inc. v. Bainbridge*, 246 N.W.2d 911 (Iowa 1976); *DeYarman v. State*, 226 N.W.2d 26, 27 (Iowa 1975); Iowa R.Civ.P. 344(f)(1).

II. It is also understood that: "Ordinarily a contract between attorney and client, providing for the payment of a fee for legal services contingent upon the results obtained by the attorney, without more, is not an illegal contract, but one that is enforce-able." *Roten v. Tesdell & Mackaman,* 195 Iowa 1329, 1332–1333, 192 N.W. 442, 443 (1923). See also F. B. MacKinnon, Contingent Fees for Legal Services (a study of professional economics and responsibilities undertaken by the American Bar Foundation 1964); Iowa Code of Professional Responsibility for Lawyers, EC 2–24; 7 Am. Jur.2d, Attorneys at Law, § 214; 7 C.J.S. Attorney and Client § 186.

As a caveat, however, we note this apt statement in *Carmichael v. Iowa State Highway Commission,* 219 N.W.2d 658, 665 (Iowa 1974): "[N]o lawyer retained on a contingent fee basis should be too busy to prepare a written instrument precisely detailing all terms of the employment contract." See also Code of Professional Responsibility, *supra,* EC 2–19 and EC 2–23. Plaintiff Stoebe would have been well advised to heed the foregoing admonition.

▮ III. Looking now to issues presented, we first entertain defendant's last contention.

He thereby initially maintains plaintiff, by his pleadings, sought nothing more than fees claimed owing at the time his action was commenced and trial court erroneously granted additional recovery based upon benefits to be thereafter received. It is secondarily urged trial court had no right or authority to award contingent fees on policy payments not yet accrued.

As to the first above noted proposition, our review reveals plaintiff's claimed right to recovery of fees based on benefits receivable in futuro was an issue in the case by virtue of all the pleadings. In any event, it came into the case by introduction of uncontested evidence. See *Harper v. Cedar Rapids Television Co., Inc.,* 244 N.W.2d 782, 786–787 (Iowa 1976).

On the matter of trial court's authority to award contingent fees premised upon future disability benefits received, we find no merit in defendant's contention. See *Continental Cas. Co. v. Knowlton,* 232 N.W.2d 789, 794–795 (Minn.1975), and citations.

Further discussion on the subject at hand will needlessly extend this opinion.

Defendant's last assigned error affords him no basis for appellate relief.

■ IV. By virtue of the fact his remaining contentions are interrelated they will be contemporaneously considered.

In summary, Kitley thereby contends (1) the oral agreement did not contemplate contingent fee payments out of future monthly disability benefits received; (2) reinstatement thereof did not result from litigation pursued by plaintiff; and (3) defendant is entitled to restitution for prepayments he mistakenly made to plaintiff. Essentially, these claims present one issue: What, if any, in futuro fee is due plaintiff?

Without question, the burden was upon plaintiff to show consummation of a contingent fee contract; performance on his part; and he had not been paid. On review no attempt is made to decipher secret thoughts of the parties. Rather, we seek to ascertain their intent as objectively manifested by the agreement. As aptly articulated in *Carmichael, supra,* quoting 17 Am.Jur.2d, Contracts, § 252 at 645:

> " 'The language employed by parties to a contract should receive a fair, reasonable, and practical construction, since it is to be presumed that the parties contracted with reference to fair, reasonable, and practical results. Where the language of a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a fair, rational, and probable contract must be preferred.' "

See also *Miller v. Geerlings,* 256 Iowa 569, 579, 128 N.W.2d 207 (1964); 3 Corbin on Contracts, § 552 at 210 (1960); 17A C.J.S. Contracts § 294a.

At cost of repetition it is here again noted defendant's own testimony reveals he agreed to pay "twenty-five percent of what we recovered through a lawsuit" and "I took it 25 percent whereever it went". And, when difficulty was encountered in securing payments pursuant to the judgment, defendant again called upon plaintiff for aid in effecting a recovery. Moreover, Kitley paid Stoebe a portional part of policy benefits received for several months after entry of the above noted judgment.

Contrary to Kitley's argument, we find the fee agreement was not limited to an accrued cash recovery, disregarding all future disability benefits obtained.

Nor does this court agree with defendant's assertion that Continental's decision to resume payment of disability benefits was "voluntary". Obviously, Continental's offer to confess judgment was subject to reservations and exceptions dictated into the record which included a directive that the policy be reinstated. This clearly resulted from plaintiff's efforts. Mindful also of the lengthy negotiations between plaintiff and Continental, the latter's decision to reinstate defendant's policy benefits can hardly be said to have been self-motivated.

At this point we look again to *Continental Casualty Co. v. Knowlton, supra,* which involved substantially the same factual situation as the present case. There the trial court awarded contingent fees based on future monthly insurance benefits received and the Minnesota appellate court affirmed. Because of its cogency this from *Knowlton,* 232 N.W.2d at 794–795, is quoted:

> "While the evidence of intent of the parties is not as clear as we would wish, there is sufficient evidence, including the manner in which the original case was handled and the settlement and the language of the release, from which the court could infer that Paulos (attorney) was to share in the entire recovery and not only a part of it. Knowlton (client) admitted under cross-examination that he had originally discussed a 45-percent contingent fee with Paulos and, having objected to that fee, signed the contract which provided for a 40-percent contingent fee. He testified that he did have an understanding of the meaning of the

contract and understood that Paulos would be entitled to 40-percent of 'all returns over and above the contractual liability or obligation of the insurance company.' Of course, this claim, as the trial court implicitly found, is hard to accept. When asked how he thought Paulos would be compensated if they lost the action against Continental, Knowlton testified that he thought he would be billed for Paulos' time.

"The case of *Blazek v. North American Life & Cas. Co.*, 265 Minn. 236, 121 N.W.2d 339, 99 A.L.R.2d 445 (1963), involved a contingent fee contract remarkably similar to the one in the present case. The only question in that case was whether the attorney's charging lien attached to future monthly disability insurance payments as well as to the judgment for back benefits that resulted from the action against the company. Although the construction of the contingent fee contract was not at issue, the court found it necessary to consider the nature of the future benefits in order to decide whether the lien attached to them. In deciding that future benefits were 'money or property involved in or affected by any action or proceeding in which [the attorney] may have been employed,' the court stated:

" 'We find untenable the contention of plaintiff and defendant that the judgment which Mr. Carr [attorney lienor] secured for Mr. Blazek decided nothing except the amount to which plaintiff was entitled at the time of verdict. While it is true that proof of continuing disability is a prerequisite to future payments, the issues laid to rest by intervenor's efforts may not be lightly disregarded. In response to plaintiff's original complaint, defendant interposed an answer asserting the following defenses: (1) That the company received no notice within the time required by the policy; (2) that plaintiff was not disabled within 60 days of the accident; (3) that plaintiff was not under medical treatment as required by the policy; (4) that the period of disability did not continue under any circumstances be-

yond February 24, 1954; (5) that the policy was terminated by mutual agreement; and (6) that the plaintiff's application contained false and untrue answers concerning prior injuries.

" '* * * *

" 'In the light of the history of these proceedings, we have no difficulty in holding that intervenor has successfully established, over vigorous opposition, plaintiff's continuing right to compensation, subject only to periodic proof of disability.' 265 Minn. 238, 121 N.W.2d 341, 99 A.L.R.2d 449.

"The case of *Van Dale v. Karon*, 232 Wis. 27, 285 N.W. 781 (1939), also involved a contingent fee contract very similar to the one in this case. The Wisconsin court, as in *Blazek*, held the contingent fee contract which provided that counsel would be paid 'one third of any sum or sums obtained in settlement or suit on the above claims' applied to future monthly disability benefit payments, stating that the 'benefits in question flow from the judgment in favor of the plaintiff which was secured by the defendants.' 232 Wis. 33, 285 N.W. 783.

"We think the same is true here. Establishment of eligibility for monthly disability benefits was the result of successful prosecution of the action against Continental by Paulos, and the trial court was justified in finding that under the contingent fee contract the parties intended the contingent fee would apply to all benefits resulting from the litigation or settlement of the claim against Continental."

Also, as appositely stated by the *Blazek* court, *supra*, 121 N.W.2d at 342–343:

"In our view of the matter, unless future litigation otherwise determines the issue, the contract between plaintiff and intervenor clearly establishes intervenor's right not only to one-third of what was recovered up to the time of the judgment, but one-third of all future payments to be made under the insurance policy. Although payment of the judgment satisfied its obligation as to what was past

**672**

due, it did not, of course, relieve defendant, but rather imposed on it, the duty to pay future monthly installments. It is not our function to rewrite the contract of retainer to establish a cutoff date contemporaneous with the payment of the judgment. Not only was intervenor by trial and appeal responsible for establishing the fund represented by the judgment, but quite obviously all other monthly payments constitute the 'fruits of his labor.' To the extent that they were payable in the future, the judgment remains unsatisfied. If a controversy later arises over plaintiff's continuing disability, it is a dispute wholly independent of the one for which intervenor was retained, and he is not obligated to perform any new or additional services as a prerequisite to securing the compensation he has already earned."

To the extent here relevant the underlying rationale and guiding precepts expressed in *Knowlton* and *Blazek,* both *supra,* are deemed instantly applicable and dispositive as to plaintiff's cause of action.

Furthermore, *McIlvaine v. Steinson,* 90 App.Div. 77, 85 N.Y.S. 889 (1904), cited by defendant, accords him little or no comfort and actually buttresses plaintiff's position. Id., 85 N.Y.S. at 893.

Finally, we perceive no basis whatsoever upon which to hold the payments for which defendant seeks restitution were made by him because of any misrepresentation by plaintiff. Trial court appropriately dismissed defendant's monetary counterclaim. By the same token his prayer for injunctive relief was properly denied.

In brief, every contention here voiced by defendant, whether or not discussed, has been considered and found to be without merit. The judgment from which this appeal is taken finds substantial support in the record and must stand.

AFFIRMED.