Bernard KEENE, Respondent,

v.

Arthur W. STATTMAN, Jr., et al., Defendants,

Unity Hospital, Appellant.

No. 46923.

Supreme Court of Minnesota.

July 8, 1977.

Barna Guzy, Hynes, Giancola & Jensen, and Robert C. Hynes, Minneapolis, for appellant.

McGarry & Brody and Robert E. McGarry, St. Paul, for respondent.

Heard before MacLAUGHLIN, SCOTT and STAHLER, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from a judgment of the Ramsey County District Court requiring Unity Hospital (Unity) to pay a pro rata share of the plaintiff's attorneys fees for recovery of damages arising out of an automobile accident. We affirm.

The following excerpt from the district court's memorandum summarizes the relevant facts on appeal:

"The background facts underlying this motion are not in dispute. It appears that in 1973 the plaintiff, Bernard Keene, was involved in an automobile collision and at various times during the years 1974 through April 23, 1975, the plaintiff was a patient at Unity Hospital. The total hospital bills incurred by the plaintiff were in the sum of $4,754.50. The plaintiff has made no payment to the Unity Hospital for said medical services. The plaintiff, Bernard Keene, had no insurance to cover the medical expenses. The plaintiff was a middle-aged man who had no regular employment and existed pretty much on sporadic employment. At various times the plaintiff had received public welfare assistance, but such was neither regular nor substantial to the extent that public assistance would cover the hospital expenses incurred by the plaintiff. The Unity Hospital was cognizant of the fact that the plaintiff was unable to pay for said bills, yet said hospital continued to readmit the plaintiff at various times during 1974 and 1975.

"The plaintiff engaged one Robert E. McGarry, an attorney, for the purposes of commencing a lawsuit arising out of the automobile collision. Mr. McGarry became cognizant of the various bills by Unity Hospital, and Mr. McGarry made frequent contacts with the business office of said hospital. Mr. McGarry, as an attorney, informed the hospital that he would protect their bills in the event that the plaintiff was successful in his lawsuit. The Unity Hospital did not file a hospital lien as is provided in Minnesota Statute 514.68. At all times the Unity Hospital realized that the plaintiff was without funds to pay for the medical services and charges made.

"In the month of March, 1976, the trial of the plaintiff's lawsuit came on for hearing in the District Court of Ramsey County. After the trial had been in progress the plaintiff and his attorney agreed to accept the sum of $15,000.00 from the defendants in full and complete settlement of the claim. The lawsuit was thereafter dismissed. After the lawsuit was settled Mr. McGarry, as counsel for the plaintiff, informed the Unity Hospital that he was prepared to pay out of the settlement the hospital bills incurred.

Mr. McGarry, however, informed the Unity Hospital that he expected that he would receive reimbursement in the sum of one-third as and for attorney's fees in processing and collecting said claim. The Unity Hospital denied Mr. McGarry's request, and thereafter this matter was brought to the attention of the Court by virtue of the Order To Show Cause which was dated April 5, 1976, and served upon the Unity Hospital."

Each party alludes to the issue of whether the hospital has a lien upon the proceeds of the settlement, but the ultimate and deciding question is whether the hospital is required to pay a pro rata share of the plaintiff's attorneys fees in the form of a setoff against plaintiff's total bill with the hospital. The trial court expressed its opinion as follows:

"The Court feels that in this case that the Unity Hospital must pay a pro rata share of the plaintiff's attorney's fees but not a pro rata share of the expenses incurred by the attorney. Since the Unity Hospital in this case did nothing to assist or establish the fund from which the claim of the hospital will be paid, the hospital must in equity contribute for the attorney's fees which were the fruits of the plaintiff's attorney. It would seem absurd that the plaintiff's attorney could establish his lien for attorney's fees if the Unity Hospital had filed the regular lien procedure as provided by statute but could not recover attorney's fees merely where the hospital sat on its hands and made no effort whatsoever to collect a bill against a person who was completely indigent."

The respondent relies mainly on the case of *Robertson v. Johnson*, 294 Minn. 201, 200 N.W.2d 316 (1972), in seeking to force Unity to share his attorneys fee.[1] The facts of Robertson were similar to those in the present case. Robertson received a damage award of $88,102, of which $37,708.53 was for medical services provided by Steele

County. Robertson's attorney took his case on a contingent-fee basis, as did McGarry in this case. Steele County sought to recover its total costs from the settlement proceeds without having to pay a pro rata share of Robertson's attorneys fees. The county had acquired a medical lien pursuant to statute, which made such lien "subject * * * to any attorney's lien." We held:

"* * * since equity favors proration, we construe 'subject * * * to any attorney's lien' to mean that the legislature intended that the county, where it has not participated in seeking recovery from the tortfeasors, must bear the pro rata burden of collecting the medical costs it extends the injured public assistance recipient." 294 Minn. 206, 200 N.W.2d 320.

We also stated:

"* * * This result is premised not only on the priority of the attorney's lien but also upon equitable principles that the county should not appropriate without cost the fruits of the attorney's efforts. See, *Blazek v. North American Life & Cas. Co.*, 265 Minn. 236, 121 N.W.2d 339, 99 A.L.R.2d 445 (1963). In our opinion, this principle of equity applies with equal force when the judgment goes beyond the amount of the county's medical lien." 294 Minn. 206, 200 N.W.2d 319.

In both the *Robertson* and *Blazek* cases, we relied upon Minn.St.1974, § 481.13, which provided in part:

"An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

\* \* \* \* \* \*

"(3) Upon the cause of action from the time of the service of the summons therein, * * *."

The statute further provided that the lien may be established and the amount determined by the court summarily in the origi-

---

1. The difference to Keene is $1,584.83. Of the total award of $15,000, McGarry will receive $5,000 as his fee. If Keene must pay this in full, and then pay his bill at Unity, he will be left with $5,245.50. If the hospital pays a pro rata share of McGarry's fee (⅓ of the bill, or $1,584.83), Keene will be left with $6,830.33.

nal action. § 481.13(3). Since no hospital lien was filed under Minn.St. 514.68, in the case at hand, that statute only becomes important to show the legislative intent, in that its final clause also states "subject, however, to any attorney's lien."

Unity argues that, since it did not file a hospital lien, that statute does not apply and Unity therefore should be free to collect its debt in any manner desired. However, it would appear that the only reason Unity has not filed a separate lawsuit is the fact that the patient was indigent. The record does not disclose any representation expense, intervention, or separate judgment against the plaintiff by any attorney on behalf of the hospital at the conclusion of the litigation. The only funds available are those resulting from the settlement, through the efforts of the attorney. As we said in *Robertson,* it would therefore not be appropriate on equitable principles to share in the fruits of the attorney's efforts without paying a pro rata share in the acquisition of those very funds which would reimburse the hospital for its charges.

We hold that coupled with the above facts the basis for our decision must be that the attorney in fact did recover and disburse the funds owing by his client to the hospital, less a reasonable amount for the attorneys fees as determined by the trial court, or is ready, willing, and able to do so. In this case the trial court correctly made such a determination and we affirm, not only on the grounds that the plaintiff's attorney had a prior lien for his fees when he commenced the action, as provided in Minn.St. 481.13, but also on equitable grounds, as discussed above.

Affirmed.