Robert H. PETERS, Employee,

v.

INDEPENDENT SCHOOL DISTRICT No. 281 et al., Respondents,

and

Fidelity & Casualty Company of New York et al., Intervenors,

and

Blue Cross and Blue Shield of Minnesota, Intervenors, Relator.

No. 51079.

Supreme Court of Minnesota.

Sept. 5, 1980.

Robins, Davis & Lyons, St. Paul, Indru S. Advani, Staff Counsel, St. Paul, for employee.

Raymond W. Fitch, Minneapolis, for respondents.

SHERAN, Chief Justice.

Blue Cross and Blue Shield of Minnesota intervened in this compensation proceeding to obtain reimbursement for medical and hospital expenses paid allegedly for treatment of employee's work–related heart attack. The compensation judge allowed reimbursement, but the Workers' Compensation Court of Appeals reversed that determination and dismissed Blue Cross' claim pursuant to a finding that Blue Cross, which had not participated in the compensation hearing, had not proved that the expenses it paid were reasonable and necessary. Although the decision also provided that the dismissal would not prevent Blue Cross from obtaining a hearing date and presenting evidence to substantiate its claim, Blue Cross sought review in this court, contending that the dismissal of its claim was an abuse of discretion and works a forfeiture of its right to reimbursement. The latter contention lacks force since Blue Cross was accorded the opportunity to prove its claim, and we are not persuaded that the dismissal was an abuse of discretion.

That claim in essence is that Minn. Workers' Comp.Prac.R. 18 imposes an unreasonable burden on intervening health insurers by requiring their participation at the pretrial and evidentiary hearings of compensation claims. Blue Cross avers that such participation should not be required in all cases because the other parties to the proceedings usually do not contest either the relationship of its claim to the injury or condition alleged to be compensable or the reasonableness and necessity of the expenses which it has paid. This requirement does not appear unreasonable to us, however, in view of the fact that rule 18 provides that such participation will not be required upon the filing of a written stipulation, signed by all parties, which agrees that the payments for which reimbursement is sought were related to the employee's allegedly compensable injury or condition and that, if he succeeds in proving his claim, reimbursement of the intervenor for such payments shall be ordered. Although Blue Cross urges that this alternative is unsatisfactory because the other parties have no incentive to enter a proposed stipulation, counsel for the compensation insurer asserts that when representing intervening insurers she has had no difficulty in obtaining stipulations. We note also that Blue Cross made no effort to obtain a stipulation when it served copies of its application to intervene, with the accompanying information required by rule 18, upon the other parties.

We have repeatedly recognized, however, that intervening health insurers who have paid for treatment reasonably necessary to care and relieve from the effects of a compensable injury have the right to reimbursement. *Repo v. Capitol Elev. Co.*, 312 Minn. 364, 252 N.W.2d 248 (1977). *See also* Minn.Stat. § 176.191, subd. 3 (Supp.1979). Thus, good faith on the part of both employers and employees requires their cooperation when they have no reason to contest the merits of an intervenor's claim. For this reason we suggest that in the interests of fairness, rule 18 be modified to provide that, if an intervenor serves a proposed stipulation on the other parties at the time it serves on them a copy of its application to intervene, the other parties be required to execute and return the stipulation to the intervenor within a specified time period or within that period serve upon the intervenor and the other parties specific and detailed objections to any payments made by the intervenor which are not conceded to be correct and related to the injury or condition the employee asserts is compensable.

To secure compliance with this requirement, the rule could additionally provide that if the other parties make no response within the specified time, the intervenor's right to reimbursement for the amount sought shall be deemed to have been established without the necessity of the intervenor's participation in the proceedings.

Affirmed.