**Roger A. JOHNSON, Appellant,**

v.

**BLUE CROSS AND BLUE SHIELD OF MINNESOTA, Respondent.**

No. 82–563.

Supreme Court of Minnesota.

Jan. 21, 1983.

9. The order of the court was a dismissal under Minn.R.Civ.P. 12, not summary judgment under Minn.R.Civ.P. 56.

Roger A. Johnson, pro se.

Robins, Zelle, Larson & Kaplan and John G. Brian III, St. Paul, for respondent.

SIMONETT, Justice.

An attorney who successfully represented an employee client on a workers' compensation claim here seeks attorney fees for his services which enabled the health carrier to obtain reimbursement of its medical expenses. The trial court dismissed the attorney's suit. We affirm.

Appellant-plaintiff Roger A. Johnson, an attorney, was retained by an employee to pursue her claim for workers' compensation. The case was a difficult one, involving many serious issues and requiring seven medical depositions. Nonetheless, Mr. Johnson was successful. Compensation Judge P. Nadine James awarded $2,185 to the employee for temporary total disability benefits, $546.35 to Mr. Johnson for his fees, and $4,025 to Blue Cross and Blue Shield of Minnesota to reimburse it for medical bills that it had paid.

After the compensation judge's decision, Johnson advised Blue Cross, for the first time, that he was claiming attorney fees from Blue Cross, since, without his efforts, Blue Cross would not have been reimbursed. About a year later, while Johnson's dispute with Blue Cross was still pending, Johnson successfully petitioned the Workers' Compensation Division for an additional penalty award against the compensation carrier under Minn.Stat. § 176.225 (1980) for unjustified late payments and obtained an additional $136.59 attorney fees. In that penalty proceeding, Johnson also requested additional attorney fees under Minn.Stat. § 176.135 (1980) for the first proceeding. This request was denied as untimely, with the compensation judge noting that there

was doubt, in any event, whether Johnson would have been entitled to relief under that statute. *See Roraff v. State of Minnesota,* 288 N.W.2d 15 (Minn.1980). Judge James did note, however, that the attorney fees that had been paid were "inadequate for the time involved and services rendered." Appellant Johnson then commenced this action in district court against Blue Cross for $3,500 on theories of either an implied-in-fact or an implied-in-law contract.

A. The first issue is whether appellant Johnson had an implied-in-fact contract with Blue Cross to represent it in the workers' compensation proceeding. The trial court found that "[p]laintiff proved up defendant's claims in that case but without the instructions, approval, or authorization of defendant and without notifying defendant that he intended to do so." Appellant does not really dispute this finding, and there is ample evidence to support it. Intent to contract cannot be supplied as an afterthought. *Dusenka v. Dusenka,* 221 Minn. 234, 237, 21 N.W.2d 528, 530 (1946). We affirm the trial court's findings and conclusions that there was no implied-in-fact contract.

B. The second issue is whether appellant Johnson had an implied-in-law contract with Blue Cross. Again, we agree with the trial court and hold there was no implied-in-law contract between the parties.

1. When Johnson filed his client's petition for compensation, the Workers' Compensation Division notified Blue Cross of the claim. Blue Cross, by its own staff attorney, then served and filed its application to intervene in the proceedings. The application was accompanied by an itemized list of charges paid by Blue Cross, including photocopies of all bills and worksheets. Thereafter, Blue Cross did nothing.[1] It in-

---

1. Appellant Johnson argues that Blue Cross failed to comply with Workers' Compensation Practice Rule 18, which sets out the procedure for intervention. Under this rule the attorney for intervenor must attend all conferences and hearings and present his evidence at the hearing unless a written stipulation signed by all

parties excuses his appearance. Apparently, Blue Cross made no effort to obtain a stipulation and was remiss in other aspects of compliance with the rule. Even so, there is no showing this made any difference in the burden appellant was already carrying for his own client. Apparently, Blue Cross was willing to

curred no further expense in the presentation of the employee's petition or its own claim and made no appearance at the workers' compensation hearing. At the hearing Johnson represented only the employee, but, in so doing, established the factual basis for the compensation judge's order for reimbursement of Blue Cross' medical expenditures. Thus, Blue Cross has reaped the benefit of attorney Johnson's services, services for which Johnson has not, for the large part, been paid.

Under these circumstances, should Blue Cross be required to pay Johnson under an implied-in-law contract? Implied-in-law contracts are not, of course, contracts at all; "[t]hey are obligations created by law for reasons of justice." *McArdle v. Williams*, 193 Minn. 433, 438, 258 N.W. 818, 820 (1935). The question is whether, in equity and fairness, Blue Cross should share its recovery with the attorney who made it possible.

2. Whether the attorney should share in the health carrier's reimbursement requires a look at the unique posture of a health care insurer in a workers' compensation proceeding. Responsibility for an employee's medical care is on the employer. Minn. Stat. § 176.135, subd. 1 (1980). Nevertheless, there are frequent instances where the health carrier may initially pay the medical bills under the terms of its policy even though the policy, as here in the case of Blue Cross, contains an exclusion of benefits for an injury covered by workers' compensation. In this case, for example, the employee was unaware she had a workers' compensation claim and, when she did present it, it was disputed. In 1979 the legislature amended Minn.Stat. § 176.191 to provide that if a dispute exists as to whether an employee's injury is compensable under the Workers' Compensation Act, the health insurer shall pay any medical costs and "[i]f the injury is subsequently determined to be compensable pursuant to this chapter, the workers' compensation insurer shall be ordered to reimburse the [health] insurer * * *."

While a health carrier has a right of reimbursement, it has no right independently to initiate a petition for reimbursement. It can only intervene in a proceeding commenced by the employee. *Tatro v. Hartmann's Store*, 295 Minn. 282, 204 N.W.2d 125 (1973). The proceedings, however, once commenced, must be conducted so as to protect the health carrier's right of reimbursement. *Repo v. Capitol Elevator Co.*, 312 Minn. 364, 252 N.W.2d 248 (Minn. 1977); *Brooks v. A.M.F., Inc.*, 278 N.W.2d 310 (Minn.1979).

Two policy considerations emerge from the statute and the case law: First, the burden of economic loss in work-related injuries is to be put on industry, not the health insurer; and, second, so that the injured employee does not suffer while primary liability is being disputed, health carriers are expected to pay the bills until workers' compensation coverage is established. In return for the health carrier's undertaking this responsibility and to minimize the administrative cost of doing so, the health carrier is permitted to take a relatively passive role in the workers' compensation litigation. "We believe it is incongruous to place upon the intervenor [the health carrier] the burden of proving that the injury was work related before it can recover reimbursement." *Brooks*, 278 N.W.2d at 315. And in *Peters v. Independent School District No. 281*, 297 N.W.2d 289, 290 (Minn.1980), where proof of the necessity and reasonableness of Blue Cross' payments had not been furnished, we said that "good faith on the part of both employers and employees requires their cooperation when they have no reason to contest the merits of an intervenor's claim."

Seen in this context, it is not unfair that Blue Cross be entitled to full reimbursement. Nor is it unfair to deny appellant compensation from Blue Cross for services that appellant essentially had to perform anyway in representing his client, the em-

run the risk it might be denied reimbursement under Rule 18 for not complying, and this was its risk to take, not appellant's risk to assume.

*See Peters v. Independent School District No. 281*, 297 N.W.2d 289 (Minn.1980) (discussing implementation of Rule 18).

ployee. If appellant has a quarrel, it is more with the statute that awards him attorney fees only on compensation benefits paid. Minn.Stat. § 176.081 (1980). *See Roraff v. State of Minnesota,* 288 N.W.2d 15 (Minn.1980).

3. Appellant relies on *Keene v. Stattman,* 256 N.W.2d 295 (Minn.1977). There, an attorney representing a person injured in an auto accident obtained a settlement from the defendant wrongdoer which included his client's hospital bill. We held, on a theory of unjust enrichment, that the attorney was entitled to a pro rata share of the hospital's recovery for his services. Since the hospital benefited by the attorney's efforts, we said that equity required the hospital to share in the cost of recovering that benefit. In *Keene,* however, the attorney had promised the hospital to protect its interests if his client was successful with his lawsuit, and the attorney then made a "full and complete" settlement recovery in the lawsuit. Furthermore, the hospital in *Keene* had its own cause of action which it could have independently asserted, while here Blue Cross, as a health carrier having made payments to an insured subsequently determined to be covered by workers' compensation, was subject to the restrictions and different public policy considerations of the Workers' Compensation Act. *Keene,* therefore, is not in point.

■ 4. As the trial court observed, Blue Cross has been enriched but not unjustly. There is nothing unfair about the health carrier's recovering full reimbursement for medical costs it has paid without having to share that recovery with the employee's attorney. We hold that appellant Johnson is not entitled to recover from Blue Cross on a theory of an implied-in-law contract.

■ C. This leaves one final issue: Does appellant have a right to attorney fees against Blue Cross by reason of the attorney's statutory lien provided in Minn.Stat. § 481.13 (1980)? We hold he does not.

In *Keene,* in addition to unjust enrichment, we found the attorney had a statutory lien which was a second ground for re-

quiring the hospital to pay attorney fees out of its pro rata share of the recovery. *See also Robertson v. Johnson,* 294 Minn. 201, 200 N.W.2d 316 (1972), and *Blazak v. North American Life & Casualty Co.,* 265 Minn. 236, 121 N.W.2d 339 (1963). These cases are not in point.

■ Minn.Stat. § 481.13 (1980) does not create an agreement to pay attorney fees; it only imposes a lien to protect the attorney who already has such an agreement "whether the agreement therefor be expressed or implied." Here we have found that there is no contract, neither implied in fact nor in law.

■ The attorney's statutory lien, when there is one, is on the cause of action and on the client's interest in any money or property. Thus, in *Keene* the claimant's cause of action included the claim for unpaid medical expenses and the claimant's attorney had a lien for his services on that entire cause of action, including the hospital expense. Here, however, the employee's workers' compensation claim does not include Blue Cross' expenses in the same way, even though these expenses are listed in the claim petition. These expenses are listed not because the employee has a right to recover them but because the law provides that this is the manner in which the health carrier's statutory right to reimbursement is to be presented. In this context, the employee's attorney has no statutory lien on the health insurer's right to full reimbursement, and we so hold.

As the compensation judge observed, the employee's claim for permanent partial benefits remains pending, for which appellant may petition for additional fees.

Affirmed.