In re **LORETTO WINERY LIMITED,** a Delaware corporation, Debtor.

**CROCKER NATIONAL BANK,** a California banking corporation, et al., Appellants,

v.

Paul B. **ANDREW,** Trustee, Appellee.

BAP Nos. NC–86–1999–MeMoV, NC–86–2010–MeMoV.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Feb. 19, 1987.

Decided Oct. 6, 1987.

**574**

Anson Reinhart, Kornfield, Paul & Bupp, Oakland, Cal., Daniel A. McDaniel, Nomellini & Grilli, Stockton, Cal., for appellants.

Jeffrey J. Goodrich, Buchalter, Namer, Fields, Chrystitie & Younger, San Francisco, Cal., for appellee.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This case involves the sole issue of whether a Producer's Lien established by California law may be avoided by the trustee in bankruptcy under Section 545(2) of the Bankruptcy Code ("Code"). Section 545(2) requires a comparison of the lienholder's rights against the rights of a hypo-thetical bona fide purchaser. The Bankruptcy Court found that the lien was voidable because the bona fide purchaser could defeat the lienholder. We agree and affirm the decision of the Bankruptcy Court.

### II

### BACKGROUND

The relevant facts are not in dispute. In 1985, the Appellants ("Sellers") sold grapes to the Debtor, Loretto Winery, who was in the business of processing grapes into wine and other wine products. Under California Food and Agriculture Code Section 55631, *et seq.*, the sale created a Producer's Lien in favor of the Sellers on the grapes and all wine products in the possession of the Debtor, which secured the purchase price of the grapes. On November 13, 1985, the Debtor filed for bankruptcy under Chapter 11 of the Code. The case was subsequently converted to a Chapter 7 proceeding on December 9, 1985.

The Trustee in bankruptcy brought a complaint to avoid the Producer's Lien under Section 545(2). After motions for summary judgment by both sides, the Bankruptcy Court granted the Trustee's motion and voided the Producer's Lien. The issue in this case is whether the Bankruptcy Court erred in voiding the lien under Section 545(2) of the Code.

### III

### DISCUSSION

The Code, through Section 545, intends to recognize only limited state created statutory liens since they run counter to the underlying objective of equitable distribution of the debtors' assets among all creditors. *See Lawrence v. United States*, 378 F.2d 452, 467 n. 43 (5th Cir.1967). Section 545(2) states:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commence-

ment of the case, whether or not such a purchaser exists[.]

11 U.S.C. § 545(2). This section requires a comparison of the lienholder's rights against the rights of the trustee who is given the status of a hypothetical bona fide purchaser. *See In re Tape City, U.S.A., Inc.*, 677 F.2d 401, 403 (5th Cir.1982.) Statutory liens which are not enforceable on the date of the petition against a bona fide purchaser are voidable. H.R.Rep. No. 595, 95th Cong., 1st Sess. at 371 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787.

The statutory lien involved in the present case stems from California Food and Agriculture Code Section 55631. This statute states that a farm producer who sells his product to a processor has a lien on the product and all processed forms of the product in the possession of the processor to the extent of the agreed price. *See McKee v. Bell–Carter Olive Co.*, 186 Cal. App.3d 1230, 1235; 231 Cal.Rptr. 304 (1986). The lien attaches from the moment of delivery and enjoys priority over all other liens, claims and encumbrances. Unlike many other statutory liens which require recordation to perfect and serve notice of the interest, the Producer's Lien has no perfection requirements. *See* Cal. Food & Agric. Code § 55635.

■ In the present case, the Sellers, who supplied the grapes to the manufacturer, held Producers' Liens on the wine. The appeal turns on whether a non-possessory Producer's Lien is valid against a hypothetical bona fide purchaser. This comparison of the rights of the bona fide purchaser and the lienholder is made under state law. *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987); *In re Eads*, 69 B.R. 730, 733 (9th Cir.BAP 1986).

In California, the policy of the law is against upholding secret liens to the injury of subsequent good faith purchasers. *Caito v. United California Bank*, 20 Cal.3d 694, 702, 144 Cal.Rptr. 751, 576 P.2d 466 (1978); *Smitton v. McCullough*, 182 Cal. 530, 538, 189 P. 686 (1920); *Schut v. Doyle*, 168 Cal.App.2d 698, 702, 336 P.2d 567 (1959). Secret liens provide no notice of the encumbrance to outsiders. Because

the party in possession has the appearance of being the property's unfettered owner, the possessor may gain credit and is "enabled to practice deceit upon mankind." *Stepp v. McAdams*, 88 F.2d 925, 928 (9th Cir.1937). Therefore, the law protects bona fide purchasers who have relied upon possession as a badge of ownership. *See Caito v. United California Bank, supra*, 20 Cal.3d at 702, 144 Cal.Rptr. 751, 576 P.2d 466.

■ The Seller urges the Panel to follow the precedent set in *In re Tape City, U.S.A., Inc., supra*, 677 F.2d at 403–04. In *Tape City*, the Fifth Circuit Court of Appeals held that the trustee in bankruptcy could not defeat a statutory lienholder under Section 545(2) where the debtor retained actual possession of the property. The Seller argues that the Producer's Lien statutes similarly require sustaining the lien while the wine remains with the Debtor. However, California law requires protection of a bona fide purchaser who is without notice of the lien regardless of who has possession. Therefore, we decline to follow *Tape City*.

The Producer's Lien held by the Seller represents a secret lien. Mere attachment of this lien cannot defeat the rights of a good faith purchaser of the wine who had neither actual nor constructive notice of the lien's existence. *In re Mission Marine Assocs.*, 633 F.2d 678, 681 (3d Cir.1980); *In re Pierce*, 53 B.R. 825, 828 (Minn.1985), *aff'd*, 809 F.2d 1356 (8th Cir.1987). Consistent with California policy, it would be unfair to enforce this lien against such innocent buyers. Therefore, we agree with the Bankruptcy Court that the Trustee, being in the shoes of a hypothetical bona fide purchaser, is authorized under Section 545(2) to avoid the Seller's lien. *In re Mission Marine Assocs., supra*, 633 F.2d at 681.

■ We note that the Producer's Lien differs fundamentally from other liens and encumbrances which require perfection by recordation. Subsequent bona fide purchasers cannot defeat such properly perfected liens because the act of recordation

provides constructive notice to all of a prior competing interest. *See In re New Concept Realty and Development, Inc.,* 753 F.2d 804, 806 (9th Cir.1985); *See also In re Gurs,* 27 B.R. 163, 165 (9th Cir.BAP 1983). Such recordation requirements are not unduly burdensome. *See In re Marvin Properties, Inc.,* 76 B.R. 150 (9th Cir.BAP 1987).

Similarly, in some situations, simple possession by a third party puts a purchaser on inquiry notice that there may be a competing lien against the property. *See In re Gulino,* 779 F.2d 546, 551 (9th Cir.1985). Again, such notice would be sufficient to defeat the claims of a bona fide purchaser. In contrast, the Producer's Lien provides no mechanism for recordation or notice. Where a statute establishes a non-possessory lien, which gives no notice of its existence to outsiders, such a lien may not be enforced adverse to a trustee in bankruptcy if it would not be valid against a bona fide purchaser under state law.

AFFIRMED.