**RYAN AND VanDerHEYDEN,**
**Respondent,**

v.

**J.B. BAGNE, Defendant,**

**and**

**Farmers and Merchants Bank of Preston, Appellant.**

No. C6–88–974.

Court of Appeals of Minnesota.

Sept. 27, 1988.
Review Granted Dec. 1, 1988.

Gail D. Baker, Ryan and VanDerHeyden, Rochester, for respondent.

Paul W. Bucher, Laurie J. Miller, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for appellant.

Heard, considered and decided by HUSPENI, P.J., and NORTON and HACHEY *, JJ.

## OPINION

NORTON, Judge.

This is an appeal from an order enforcing an attorney's lien in favor of respondent Ryan and VanDerHeyden. Appellant Farmers and Merchants Bank of Preston claims that it had a prior security interest in the condemnation proceeds from which the attorney's lien was paid. We reverse.

## FACTS

On February 27, 1984, J.B. Bagne gave the Farmers and Merchants Bank of Preston (Bank) a first lien on his leasehold interest of property located in Rochester, by executing an assignment of lease for security purposes. Bagne's indebtedness to Bank secured by this lien exceeded $100,000 at all relevant times. Bank recorded its lien on November 28, 1984. On December 12, 1986, Bank received a copy of a petition for condemnation filed by the City of Rochester which included the property subject to Bagne's lease. On February 2, 1987, Bagne retained Ryan and VanDerHeyden to represent him in the condemnation proceedings. Some time in the spring of 1987, Bank learned that Bagne had retained Ryan and VanDerHeyden to represent him. Bank had no part in retaining Ryan and VanDerHeyden and was not informed of the terms of representation until after completion of the condemnation hearing and award.

On June 4, 1987, Daniel Christianson, vice president of Bank, wrote to Mr. Van-DerHeyden advising him of Bank's security interest in Bagne's leasehold interest and of its expectation to be paid out of any condemnation award. This letter further stated that Bank intended to be present at the condemnation proceeding to advise the commissioners of its position in this matter.

The condemnation hearing was held June 8–10, 1987. Ryan and VanDerHeyden represented Bagne's leasehold interest at these hearings. Bank did not appear to represent its interests and took no further action to inform the commissioners of its position. The commissioners' award was filed July 27, 1987. Bagne was awarded $70,000 for his leasehold interest, less some $13,000 in back taxes. This was $55,000 more than was originally offered for the leasehold interest.

On July 16, 1987, Ryan and VanDerHeyden provided Bagne with a statement for services in the amount of $11,000. This letter was forwarded to Bank on July 30, 1987. On August 27, 1987, Bank received a notice-claim of attorney's lien from respondent, because Bank disputed Ryan and VanDerHeyden's entitlement to be paid out of the condemnation proceeds.

On October 2, 1987, Ryan and VanDerHeyden commenced this separate equitable action to enforce its attorney's lien, and served a notice-motion to establish an attorney's lien, as well as an order to show cause as required by Minn.Stat. § 481.13, subd. 3 (1986). Bank answered that it had a first and paramount lien on the condemnation proceeds. The court established an attorney's lien in the amount of $11,580, by order dated October 26, 1987. This order did not rule on issues as to enforcement of the lien against the condemnation proceeds. Both parties moved for summary judgment on the issue of enforcement of the lien. On December 17, 1987, the court filed its order granting summary judgment in favor of Ryan and VanDerHeyden, ordering that the attorney's lien be enforced out of the condemnation proceeds.

## ISSUE

Did the trial court abuse its discretion in ordering the enforcement of Ryan and VanDerHeyden's attorney's lien out of the condemnation proceeds?

## ANALYSIS

Ryan and VanDerHeyden initiated this action to enforce an attorney's lien against condemnation proceeds. The legal issue which the court must determine by this

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

equitable enforcement action is which property is subject to the lien and how the lien is to be enforced. *Boline v. Doty,* 345 N.W.2d 285, 290 (Minn.Ct.App.1984). In this case, the necessary determination requires evaluation of the competing lien claims of Bank and respondent attorneys.

An attorney has a lien for compensation upon the cause of action from the commencement of the proceedings, and upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding. Minn.Stat. § 481.13(1) (1986). As against third parties, the attorney has a lien from the time of filing the notice of such lien claim. *Id.*

Ryan and VanDerHeyden acquired a lien on Bagne's condemnation proceeds when they began representing him in the condemnation proceeding in March 1987. *See Village of New Brighton v. Jamison,* 278 N.W.2d 321, 326 (Minn.1979). Bank gained an interest in Bagne's leasehold estate by an assignment of Bagne's lessee interest for security purposes, executed September 27, 1984 and filed with the Olmsted County Recorder on November 28, 1984.

The trial court found that Ryan and VanDerHeyden's interest in the proceeds is a distinct interest from Bank's interest in the leasehold estate:

> Plaintiff's attorney's lien attached to Mr. Bagne's cause of action and his interest in the condemnation proceeds, an interest that is distinct from the security interest held by Farmers and Merchants Bank in Mr. Bagne's lease.

The trial court cites no authority in ruling that Bank's interest was not sufficient to include any future proceeds from condemnation of the leasehold interest. However, certainly one of the major facets of the leasehold interest is the right to the proceeds gained by the condemnation of the leasehold estate.

The rule generally applied to liens is that the first in time is first in right. *Gould v. City of St. Paul,* 120 Minn. 172, 176, 139 N.W. 293, 294 (1913). Under basic principles of lien priority, an attorney's lien may be defeated by a prior existing lien on the subject property. *See Williams v. Dow*

*Chemical Co.,* 415 N.W.2d 20, 26 (Minn.Ct. App.1987). There is no dispute that Bank's assignment was filed and of record in November 1984. VanDerHeyden's attorney's lien did not arise until March 1987 against his client, and did not arise against third parties until the filing of the attorney's lien notice given in August 1987. Bank's interest was first in time and therefore, first in right as it relates to the leasehold interest, and as to any proceeds gained by the condemnation of the leasehold estate.

The attorney's lien statute does not create an agreement to pay attorney fees; it only imposes a lien to protect the attorney who already has such an agreement, whether the agreement is expressed or implied. *Johnson v. Blue Cross & Blue Shield of Minnesota,* 329 N.W.2d 49, 53 (Minn.1983). Ryan and VanDerHeyden had a retainer agreement with Bagne, but did not have a retainer agreement with Bank. Ryan and VanDerHeyden's client is Bagne only, and the attorney's lien attaches "upon the interest of the attorney's client." Minn.Stat. § 481.13(1). However, Bagne had previously assigned his whole leasehold interest to Bank in 1984. It is clear to us that Ryan and VanDerHeyden's attorney's lien could not have priority over Bank's lien for two reasons: 1) Bagne had already assigned his interest, including any future condemnation proceeds to Bank; 2) Ryan and VanDerHeyden had no retainer agreement with Bank which would entitle them to condemnation proceeds.

Ryan and VanDerHeyden were aware of Bank's recorded assignment of lessee's interest prior to agreeing to represent Bagne in the condemnation action. We hold that the lessee's interest is broad enough to include any proceeds from the condemnation action. Ryan and VanDerHeyden should have had a retainer agreement with Bank in order to collect its attorney fees since Bank was the holder of Bagne's interest and such interest was filed and of record.

### DECISION

The trial court erred in ordering the enforcement of the attorney's lien out of the

condemnation proceeds when a prior lien on the leasehold estate existed, which was broad enough to encompass such proceeds.

REVERSED.