Stephen **EDQUIST**, Relator,

v.

**BROWNING–FERRIS**, Employer,

**CNA Insurance Company**, Insurer,

**Commissioner of Department of Economic Security**, intervenor, Respondent.

No. C8–85–1495.

Supreme Court of Minnesota.

Jan. 31, 1986.

Larry M. Schmidthurber, Samuel I. Sigal, Minneapolis, for relator.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, Gary Hegstrom, Minneapolis, for respondent.

YETKA, Justice.

This workers' compensation appeal raises issues with respect both to the amount of the fee to which employee's attorney was entitled and the extent of the lien therefor provided by Minn.Stat. §§ 481.13 and 176.-081, subd. 1 (1984).

The facts are not in dispute. Employee received $7,651 in unemployment compensation benefits for several months before his claim for workers' compensation benefits was heard. Pursuant to the parties' stipulation, the compensation judge, after determining that employee had been entitled to compensation for temporary total or temporary partial disability during the same time, ordered the compensation insurer to reimburse the Department of Economic Security (now the Department of Jobs and Training) for such unemployment compensation benefits. *See* Minn.Stat. § 268.08, subd. 3(3) (1984). However, the compensation judge also determined that employee's attorney was entitled to a fee based on all compensation awarded employee and that Minn.Stat. §§ 481.13 and 176.-081, subd. 1 (1984) imposed a lien for the fee against the total compensation awarded, including that portion to be reimbursed the Department of Economic Security. Consequently, he ordered that 20% be deducted from that amount, or $1,532, and paid to employee's attorney. Upon the department's appeal, a divided Workers' Compensation Court of Appeals reversed, holding there was no statutory authority for this deduction of fees. They further determined that the amount reimbursed had been an "undisputed portion" of the compensation award so employee's attorney could be awarded a fee based only on the compensation benefits received by employee after the reimbursement. We have concluded that the compensation judge correctly construed the applicable statutes and, therefore, reverse and remand for reinstatement of his decision.

Minn.Stat. § 481.13 (1984), the general statute providing for attorneys' liens, states in part:

An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

  1. *Upon the cause of action* from the time of the service of the summons therein, or the commencement of the proceeding, and *upon the interest of his client in any money or property involved in or affected by any action or proceeding* in which he may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided by this section.

(Emphasis added.) Minn.Stat. § 176.081, subd. 1(a) (1984), providing for an attorney's lien for services rendered an employee seeking workers' compensation, states in part:

  (a) A fee for legal services of 25 percent of the first $4,000 of *compensation awarded to the employee* and 20 percent of the next $27,500 of compensation awarded to the employee is permissible * * *. If the employer or the insurer or the defendant is given written notice of claims for legal services or disbursements, the claim shall be a lien against the *amount paid or payable as compensation.* In no case shall fees be calculated on the basis of any undisputed portion of compensation awards.

(Emphasis added.)

The compensation judge, having found that employee and his attorney had entered a contingent fee agreement which provided for the fee permitted by section 176.081, subdivision 1(a), determined that both this provision and section 481.13 created a lien for employee's attorney fee which attached to all of the disability compensation awarded as a result of his efforts (a total of $14,476.50). This determination is consist-

ent with *Johnson v. Blue Cross & Blue Shield of Minn.,* 329 N.W.2d 49, 52 (Minn. 1983), in which we recognized that, although section 481.13 does not create an agreement to pay attorney fees, it does impose a lien to protect an attorney who has previously made such an agreement.[1]

██ We agree also with the compensation judge's interpretation of section 176.081, subdivision 1(a) as authorizing employee's attorney to receive a fee on all of the compensation awarded employee even though a portion of that compensation was required to reimburse the Department of Economic Security. Although, arguably, "compensation awarded to the employee" could have been intended to mean only his net recovery, a consideration of the purposes of section 176.081 leads to the conclusion that this language was intended to mean the employee's total recovery. The purposes of the statute are to ensure both that a compensation claimant be protected from excessive legal charges and that attorneys who represent such claimants receive reasonable compensation for their efforts. *Kahn v. State, University of Minnesota,* 327 N.W.2d 21 (Minn.1982). The second purpose is of equal importance and, as stated in *Kahn,* "is in furtherance of the public policy of this state that injured employees have access to representation by competent counsel knowledgeable of the intricacies of the workers' compensation law." 327 N.W.2d at 24. To hold that portions of disability awards which are reimbursed to intervenors are to be excluded from the award on which the attorney's fee is based would often result in inadequate attorney fees and, thus, would be contrary to that public policy. Moreover, while the legislature has, reasonably in our judgment, excluded "any undisputed portion of

1. *Johnson* required consideration of Minn.Stat. §§ 481.13 and 176.081 (1980) under different circumstances than those presented in this case. There, an employee's attorney brought an action to recover an attorney's fee from a health insurer which had been awarded reimbursement of medical expenses it had paid for his client. In affirming the trial court's denial of recovery, we held that the absence of a fee agreement be-

tween the employee's attorney and the health insurer precluded creation of an attorney's lien under section 481.13. We recognized also in that case that section 176.081 provides for an employee's attorney to receive a fee based only on the benefits awarded the employee, a fact precluding the imposition of a lien against the reimbursement award to the health insurer.

compensation awards" from the recovery on which an employee's attorney's fee is to be based, nothing in the language of section 176.081, subdivision 1(a) suggests that disability compensation to which an employee would be entitled but for an intervenor's right to reimbursement should be excluded from "compensation awarded to the employee" for purposes of fee calculation. Similarly, while "the amount paid or payable as compensation," against which section 176.081, subdivision 1(a) imposes a lien for the attorney fee awarded, could arguably be construed to mean an employee's net recovery when part of his award furnishes reimbursement to an intervenor, there is no good reason to limit the lien to the employee's net recovery. In the absence of a claim for reimbursement, the lien would attach to all of the compensation awarded. We see no reason why it should not when a claim for reimbursement is made. The fund from which reimbursement is made—the compensation awarded to the employee—comes into existence because of the attorney's efforts, and the imposition of a lien against the entire fund, including the amount used to reimburse a third party, does not decrease the employee's net recovery. Consequently, we construe section 176.081, subdivision 1(a) to require calculation of the attorney fee on the basis of the total compensation award and imposition of a lien for that fee against the total award, excluding only portions which were not in dispute.

We necessarily reject the WCCA majority's determinations that section 481.13 could not apply in the absence of a fee agreement between employee's attorney and the intervenor, that the portion of the compensation award from which reimbursement was ordered was an "undisputed portion" of the award, and that it would be unreasonable to require an employee to pay an attorney fee for that part of the award he did not receive.

The first of these determinations apparently was based on the assumption that the compensation judge had required the Department of Economic Security to pay employee's attorney a fee for legal services that he had furnished the department. The absence of a fee agreement between employee's attorney and the department is irrelevant, however, because the 20% deduction from the amount reimbursed was made not to pay a fee owed by the department, but to pay a fee owed by employee for services rendered to him. Also, the determination of the WCCA majority that the portion of the compensation award reimbursed to the department was "undisputed" cannot stand because it is manifestly contrary to the evidence. Our review of the record shows that, while the parties stipulated to the amount which could be reimbursed *if* it were determined that employee was entitled to workers' compensation benefits, at no time did the employer concede liability for any part of the compensation ultimately awarded. Finally, as has already been discussed, no injustice results from construing section 176.081, subdivision 1(a) as requiring a reasonable attorney fee based on the total compensation awarded.

We reverse and remand for reinstatement of the compensation judge's findings and determination.

Reversed.

COYNE, J., took no part in the consideration or decision of this case.