**Bessy C. BARNICK, Respondent,**

v.

**SWIFT ECKRICH, INC., Self–Insured/Adjustco, Inc., and Blue Coach Foods/RCA and Zurich American Insurance Co., Respondents,**

and

**Blue Cross/Blue Shield of Minnesota, intervenor, Relator.**

**No. C7–88–2572.**

Supreme Court of Minnesota.

June 30, 1989.

John G. Brian, III, Robins Kaplan, Miller & Ciresi, St. Paul, for relator.

Todd S. Lundquist, Mankato, for employee.

James R. Waldhauser, Minneapolis, for Swift Eckrich, Inc.

James S. Pikala, Minneapolis, for Blue Coach Foods.

KEITH, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals

affirming an award of attorney fees to be deducted from the amount of medical benefits ordered reimbursed to the health carrier, Blue Cross/Blue Shield of Minnesota, pursuant to *Edquist v. Browning–Ferris,* 380 N.W.2d 787 (Minn.1986). Concluding that *Johnson v. Blue Cross and Blue Shield of Minnesota,* 329 N.W.2d 49 (Minn. 1983) applies to reimbursements to health carriers, we reverse.

The employee in this case retained an attorney who, on behalf of the employee, served and filed a claim petition seeking workers' compensation benefits, including temporary total and permanent partial disability benefits. When the matter came on for hearing before a compensation judge, the parties stipulated that Blue Cross/Blue Shield had intervened for $5,489.46 in medical benefits paid and that Blue Cross/Blue Shield was entitled to reimbursement if the employee succeeded in establishing her claim. Determining that the employee successfully established her claim, the compensation judge ordered payment of certain benefits to the employee and reimbursement to Blue Cross/Blue Shield. The compensation judge also ordered 20% of the amount reimbursed withheld and paid to the employee's attorney as fees.

Blue Cross/Blue Shield appealed from the compensation judge's order awarding attorney fees from the medical expense reimbursement. The WCCA affirmed concluding that, pursuant to *Edquist v. Browning–Ferris,* 380 N.W.2d 787 (Minn. 1986), such fees were deductible from the amount reimbursed to the health insurance carrier as intervenor. Blue Cross/Blue Shield has sought further review contending that this result is contrary to *Johnson v. Blue Cross & Blue Shield of Minnesota,* 329 N.W.2d 49 (Minn.1983).

In *Johnson,* we held that an attorney who successfully represented an employee-client in a workers' compensation proceeding and, in so doing, established the health carrier's right to reimbursement from medical expenses, was not entitled to a share of the reimbursement as attorney fees. In so holding, we recognized that the statute providing for attorney fees allows fees only on compensation benefits paid to the employee as distinguished from medical benefits. 329 N.W.2d at 53.

Subsequently, in *Edquist* we held that an employee's attorney was entitled to fees based on the whole disputed award of benefits, including that ordered reimbursed to the intervenor. In that case, the injured employee received unemployment compensation during a period of time when the employee was later determined to be eligible for compensation under the Workers' Compensation Act. In reversing the Workers' Compensation Court of Appeals and reinstating the compensation judge's award, we held that Minn.Stat. § 176.081, subd. 1(a) (1984) imposed a lien for the fee against the total award of compensation to the employee, including the amount awarded as reimbursement to the Department of Economic Security for unemployment compensation benefits paid to the employee during the period in which he was entitled to receive workers' compensation disability benefits. 380 N.W.2d at 788. In *Edquist,* we again noted that section 176.081 provided for an employee's attorney to receive a fee based on benefits that were payable to the employee but for the reimbursement to the department. *Id.* at 789, n. 1. In contrast, the attorney in *Johnson* was claiming a lien against a fund that was not payable to the employee.

We agree with Blue Cross/Blue Shield's contention that *Johnson,* and not *Edquist,* applies to reimbursements to health carriers. Minn.Stat. § 176.081, subd. 1(a) is not applicable to health care benefits. Accordingly, we reverse that portion of the decision of the Workers' Compensation Court of Appeals awarding attorney fees from the award of health care benefits reimbursed to Blue Cross/Blue Shield.

Reversed.

The employee is awarded $400 in attorney fees on appeal.