**Carol A. BRADFORD, Relator,**

v.

**BUREAU OF ENGRAVING and Employers Insurance of Wausau, Bureau of Engraving and Liberty Mutual Insurance Company, Group Health, Inc., intervenor, Graphic Communications Local 1B Health & Welfare Plan/DCA Inc., intervenor, Respondents.**

No. C0-90-1084.

Supreme Court of Minnesota.

Aug. 31, 1990.

William H. Getts, William H. Getts, P.A., Minneapolis, for relator.

Dani Shimon, Larson, Heck & Klimek, Minneapolis, for Bureau of Engraving, et al.

Randall Sayers, Hanson, Dordell & Bradt, St. Paul, for Group Health, Inc.

Michael Aafedt, Gilmore, Delampert, Aafedt & Forde, Minneapolis, for Liberty Mut. Ins. Co., et al.

John Roff, Claims Supervisor DCA, Inc., Minnetonka, for Graphic Communications, et al.

KEITH, Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's denial of benefits but reversing, by majority decision, an award of attorney fees.

The relator challenges the finding that she failed to give the employer timely notice of her injury within the statutory period. No purpose would be served in restating the facts involved in this appeal. It is sufficient, that upon a careful review of the proceedings herein, it is the opinion of this court that the finding pertaining to statutory notice is not manifestly contrary to the evidence in view of the entire record as submitted. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984).

The relator also challenges the Workers' Compensation Court reversal of

an award of *Edquist*[1] fees, an issue neither raised at the compensation hearing level nor addressed by any of the parties on appeal to the Workers' Compensation Court of Appeals. Generally, the Workers' Compensation Court of Appeals review is limited to the issues raised by the parties. *Ruether v. State of Minnesota, Mankato State University*, 455 N.W.2d 475, 479 (Minn.1990); Minn.Stat. § 176.421, subd. 6 (1988). The Workers' Compensation Court of Appeals' reversal of the award of *Edquist* fees is therefore reversed, and the compensation judge's award of *Edquist* fees is reinstated.

Relator is awarded $400 in attorney fees on appeal.

*Affirmed in part, reversed in part.*

---

**1.** *Edquist v. Browning–Ferris,* 380 N.W.2d 787 (Minn.1986).