Timothy KNOWLEN, Respondent,

v.

ASSOCIATED MILK PRODUCERS,
INC. and Kemper Insurance
Company, Relators,

and

Minnesota Dept. of Jobs &
Training/DRS, Minnesota Dept. of Jobs
& Training/UI, Minnesota Dept. of Hu-
man Services, Intervenors,

and

Institute for Lower Back Care, St.
Cloud Hospital, St. Cloud
Orthopedic Association, Providers.

No. C9–90–1679.

Supreme Court of Minnesota.

Oct. 26, 1990.

Rehearing Denied Nov. 27, 1990.

Thomas J. Misurek, Pustorino, Peterson, Tilton & Parrington, Minneapolis, for appellant.

Luke M. Seifert, St. Cloud, for respondent.

SIMONETT, Justice.

This matter is before this court on a writ of certiorari to review a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's award of benefits but reversing the compensation judge's finding pertaining to maximum medical improvement.

The relators challenge the compensation judge's findings pertaining to an award of temporary total benefits for up to 90 days past maximum medical improvement. No purpose would be served in restating the facts involved in this case. It is

sufficient, that upon a careful review of the proceedings herein, it is the opinion of this court that the findings pertaining to the causal relationship between the employee's 1987 back injury and subsequent wage loss as well as findings pertaining to rehabilitation efforts were not manifestly contrary to the evidence in view of the entire record as submitted. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984).

■ The relators also challenge the Workers' Compensation Court of Appeals' reversal of the compensation judge's finding pertaining to the date of maximum medical improvement following the back injury on grounds that the compensation judge "failed" to consider a prior unrelated carpal tunnel injury, an issue neither raised at the compensation hearing level nor addressed by any of the parties on appeal to the Workers' Compensation Court of Appeals. Generally, the Workers' Compensation Court of Appeals' review is limited to the issues raised by the parties. *Bradford v. Bureau of Engraving,* 459 N.W.2d 697 (Minn.1990); *Ruether v. State of Minnesota, Mankato State University,* 455 N.W.2d 475, 479 (Minn.1990); Minn.Stat. § 176.421, subd. 6 (1988). The Workers' Compensation Court of Appeals' reversal of the finding pertaining to the date of maximum medical improvement is therefore reversed, and the compensation judge's finding is reinstated.

Affirmed in part, reversed in part.