Mark J. Fellman, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, P.A., St. Paul, for relator.

Lee J. Keller, Dorsey & Whitney, Minneapolis, for respondent.

**Gerald RANSOM, Relator,**

**v.**

**FORD MOTOR COMPANY, Self–Insured, Respondent.**

**No. C8–90–2189.**

Supreme Court of Minnesota.

July 19, 1991.

COYNE, Justice.

Ford Motor Company seeks reimbursement out of workers' compensation benefits awarded Gerald Ransom, its employee, for benefits paid Ransom by Ford pursuant to its accident and sickness plan. A compensation judge awarded Ford's accident and sickness plan reimbursement in the amount of the disability benefits paid the employee reduced by a proportionate share of the fees awarded the employee's lawyer. Affirming the employer's right of reimbursement, the Workers' Compensation Court of Appeals reversed the award of attorneys' fees on the ground that the employer's benefits plan is governed by the Employee Retirement Income Security Act of 1974, which preempts state law. Because we conclude that neither the provisions of ERISA nor the principles of federal preemption are implicated in these proceedings pursuant to Minnesota's Workers'

Compensation Act, we reverse the WCCA and reinstate the compensation judge's award with minor modification.

On July 30, 1987, Ransom, the employee, sustained a work-related injury for which Ford paid temporary total disability benefits during periods of disability through December 12, 1988. Thereafter, until the date of the compensation hearing, Ford paid the employee accident and sickness benefits pursuant to a collectively bargained agreement between Ford and the United Auto Workers. On June 12, 1989, Ford served the employee with a notice of discontinuance of workers' compensation benefits based upon an alleged return to work in December 1988. The employee filed an objection to the discontinuance on July 11, 1989.

Following a hearing, the compensation judge denied Ford's request to discontinue temporary total disability benefits and ordered that such payments continue because the employer had failed to establish reasonable grounds upon which to base the discontinuance. The compensation judge awarded the employee $17,017.58 in past temporary total disability benefits and awarded employee's lawyer fees in the amount permitted by Minn.Stat. § 176.081, subd. 1(a) (1990). The compensation judge also ordered that Ford's accident and sickness plan, as the employee's assignee, be reimbursed out of the employee's award. In accordance with *Edquist v. Browning–Ferris,* 380 N.W.2d 787 (Minn.1986), Ford's accident and sickness plan was to be reimbursed for the accident and sickness benefits paid Ransom pursuant to the collective bargaining agreement, less the plan's prorated share of the attorneys' fees awarded, i.e., $15,028.00 less 20% of that amount. On appeal, the WCCA affirmed the award of benefits to the employee but held that the compensation judge improperly reduced the amount awarded Ford's benefit plan by

any portion of the attorneys' fee. The WCCA concluded that because Ford's benefit plan is governed by ERISA, 29 U.S.C. §§ 1001–1461 (1988), which expressly preempts any state law that relates to an ERISA-regulated benefit plan, *see* 29 U.S.C. § 1144(a) (1988), Minn.Stat. § 176.-081 and the rule articulated in *Edquist* are preempted by the terms of Ford's plan.

The collective bargaining agreement provides that "an employee's Accident and Sickness Benefits are reduced by the amount of any lost time Workers' Compensation benefits to which he is entitled." In apparent conformity with that provision, as well as the statutory prohibition against assignment of any claim for compensation owned by an injured employee or dependent,[1] the employee's notice of claim for Accident and Sickness Benefits contains this assignment:

> In consideration of payment of benefits under the Group Policy I hereby assign to the John Hancock Mutual Life Insurance Company any recovery of benefits under any Workers' Compensation Act for disability to the extent of the benefits paid under the Ford Group Insurance Program.

Inasmuch as the plan agreement provides for the reduction of accident benefits by the amount of lost time workers' compensation benefits, it is apparent that the only reimbursement which could be contemplated by the plan is limited to reimbursement out of the temporary total disability benefits awarded the employee with respect to the periods for which accident benefits were paid. The assignment too is limited to those benefits which the employee "recovers" under the Workers' Compensation Act.

The amount which the employee recovered pursuant to the Workers' Compensation Act with respect to the lost time for which the employee received accident and

---

1. Minn.Stat. § 176.175, subd. 2 (1990) prohibits assignment of an employee's *claim* for compensation:

   > No claim for compensation owned by an injured employee or dependents is assignable. Except as otherwise provided in this chapter, any claim for compensation owned by an

injured employee or dependents is exempt from seizure or sale for the payment of any debt or liability.

There is no contention here that the statute precludes assignment of the amount recovered by the employee.

sickness benefits is not, however, more than, or even as great as, the amount of those benefits. It is true, of course, that TTD compensation is calculated at 66⅔ percent of the employee's weekly wage at the time of injury (subject to maximum and minimum limits), and that in this case that sum exceeds the amount of the employee's weekly accident and sickness benefits. But that is not the amount of the employee's recovery. In *Edquist*, 380 N.W.2d at 790, we construed Minn.Stat. § 176.081, subd. 1(a) (1990), to require calculation of the attorney's fee for legal services rendered on behalf of the employee on the basis of the total compensation award and imposition of a lien for that fee against the total amount paid or payable as compensation, excluding only portions not in dispute. Section 176.081, subd. 1(b), goes on to provide that the compensation judge "shall issue an order granting fees and the amount requested shall be awarded to the party requesting the fee." Inasmuch as the statute provides for an award in the amount of the fee directly to the employee's lawyer, the amount awarded to the employee is necessarily the calculated amount of TTD compensation reduced by the amount awarded the lawyer. It is the amount of compensation awarded the employee which constitutes the employee's recovery of benefits and which limits the "proceeds" assigned by the employee to John Hancock Mutual Life Insurance Company, the administrator of the Ford Group Insurance Program.

Furthermore, to the extent that Ford grounds its reimbursement claim on Minn. Stat. § 176.191, subd. 3 (1990), it must be remembered that this court has previously defined the disability carrier's statutorily created right of reimbursement. *Mann v. Unity Medical Center/Health Central*, 442 N.W.2d 291, 293 (Minn.1989). Because attorneys' fees ordered pursuant to section 176.081 are based on and awarded out of benefits which would have been payable to the employee but for reimbursement of the disability carrier, the disability carrier's award, like the employee's award, is the calculated amount of applicable TTD compensation reduced by the applicable portion of the amount awarded the employee's lawyer.

This is not to deny or limit any right Ford may be accorded by the collectively bargained disability plan—as did Pennsylvania's preempted statutory attempt to prohibit an employee welfare benefit plan from exercising its right of subrogation. *FMC Corp. v. Holliday*, —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). It is simply to recognize that workers' compensation is a creature of statute which cannot be manipulated through payment of benefits by an ERISA governed employee welfare benefit plan. To put it another way, resort to federal preemption does not enlarge the benefits provided by a state workers' compensation act: workers' compensation is a statutory system which creates a right in the employee to certain benefits, fixes the amount of those benefits, and provides for their allocation and distribution; and an employer claiming through its employee does not acquire rights greater than those of the employee. Thus, although we do not presume to limit whatever rights and remedies are accorded Ford by the collectively bargained employee welfare benefit plan or even to determine the extent of those rights and remedies, in these proceedings pursuant to the Minnesota Workers' Compensation Act, the extent of Ford's recovery is limited:

1. Ford's recovery as employee's assignee is limited by the terms of the assignment; and

2. Ford's recovery pursuant to any right of reimbursement conferred by Minn.Stat. § 176.191, subd. 3 (1990) is limited by the statute which created it.

In either case, Ford is entitled in this workers' compensation proceeding to recover only the net TTD compensation attributable to the period for which accident and sickness benefits were paid—i.e., an amount equal to 80% of the TTD compensation (which has been determined to be payable at the maximum rate in effect on July 30, 1987) for the period from March 20, 1989 through March 27, 1989 and from April 12, 1989 through the date of hearing

on January 31, 1990 (the applicable period for which Ford is entitled to reimbursement as affirmed by the WCCA).

Reversed and remanded for modification of the amounts awarded to the employee, employee's lawyer, and Ford, respectively, in accordance with the foregoing analysis.